# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO: 8:20-cr-3-CEH-AAS

EULOGIO CARABALI MONTANO

_____

# O R D E R

This matter comes before the Court on Defendant Eulogio Carabali Montano's

Motion for Compassionate Release (Doc. 158).[1]  Proceeding *pro se*, Montano requests

compassionate release because of his age and medical conditions.  The Government

has responded in opposition (Doc. 161).

---

[1] Montano has also filed a motion for a sentence reduction pursuant to the retroactive application of Amendment 821 of the Sentencing Guidelines. Doc. 157.  This Order does not resolve the Amendment 821 motion, which remains pending.

An Administrative Order issued by former Chief Judge Timothy Corrigan set forth a collaborative procedure for determining sentenced individuals' eligibility for retroactive relief under Amendment 821 in the Middle District of Florida.  Pursuant to the Administrative Order, the Office of Probation has been directed to prepare a memorandum regarding all potentially qualified individuals' eligibility.  The memorandum will be sent to the Court and to the Office of the Federal Defender, which will then be appointed to this action for the limited purpose of filing a notice or motion regarding the sentenced individual's eligibility for resentencing.  Ultimately, the Court will determine whether an individual is eligible for resentencing.

Due to the large volume of potentially eligible individuals, this procedure remains ongoing.  The Court has not yet received a memorandum from the Office of Probation regarding Montano's eligibility.  Accordingly, the Court cannot make a determination regarding Montano's eligibility for relief.  Upon receipt of the memorandum and in due course, the Court will take action pursuant to the procedure set forth in the Administrative Order.

Upon review and full consideration, and being duly advised in the premises, the Court finds that the motion is due to be denied.

## I.    Background

On September 17, 2020, Montano was sentenced to a term of 151 months' imprisonment following his guilty plea to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Doc. 111. The Court granted a downward variance from the Guidelines range of 188 to 235 months considering Montano's personal characteristics, including his age of 67. Doc. 112. Now 71, Montano is serving his term of incarceration at F.C.I. Lompoc II. The Bureau of Prisons estimates he will be eligible for release in 2029.

In a form motion requesting compassionate release, Montano identifies his age and health conditions as reasons that justify his release. Doc. 158 at 4. He explains, "I will be 72 this year and my remaining time of sentence by far exceeds my time of health. I do not want my remaining sentence to be my death sentence." *Id.* at 5. With respect to his medical needs, he states that he is prescribed medication for high blood pressure, he will require ongoing medical care if he is released, and he does not require medical equipment or assistance with self-care. Doc. 158-1 at 2-3. Montano also notes that he was unaware of the process for submitting a request for compassionate release to the warden of his facility, and he did not do so. Doc. 158 at 3.

The Government opposes Montano's motion. Doc. 161. It first highlights that Montano has not exhausted his administrative remedies. *Id.* at 3. Next, the

Government argues that he has not established the existence of an extraordinary and compelling reason for compassionate release, because he does not claim to have any severe medical conditions. *Id.* at 4. In any event, the Government contends that the sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. *Id.* at 5.

## II.    Legal Standard

A district court is permitted to grant compassionate release if the following conditions are met:

> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, U.S.S.G. § 1B1.13(b) lists the following extraordinary and compelling reasons:

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). The amended Guidelines define each of these reasons. *Id.*

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[2] *See* § 3582(c)(1)(A); *but see United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

### III. Discussion

As a threshold matter, Montano's motion must be denied because he has not exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original), quoting 18 U.S.C. § 3582(c)(1)(A). Here, Montano concedes that he has not made a request for compassionate release to the warden, explaining that he was unaware of the process to do so. Doc. 158 at 3. As a result, he is not eligible for compassionate release.

Even if Montano had exhausted his administrative remedies, however, the Court would find that his motion is due to be denied. First, although he is over 70 years old, he has not served more than 30 years in prison; he is therefore ineligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii).

To be eligible under § 3582(c)(1)(A)(i), instead, Montano must establish the existence of an extraordinary and compelling reason. One such reason is age. This reason requires the defendant to: "(A) [be] at least 65 years old; (B) [be] experiencing

a serious deterioration in physical or mental health because of the aging process; and

(C) ha[ve] served at least 10 years or 75 percent of his or her term of imprisonment,

whichever is less." U.S.S.G. § 1B1.13(b)(2).  Here, Montano has served less than ten

years, and just over half of his sentence.  Thus, he cannot satisfy the requirements of

this extraordinary and compelling reason.

Montano also identifies his health as a reason for release, checking the box on

the form motion that indicates he is "experiencing a serious deterioration in physical

or mental health because of the aging process." Doc. 158 at 4.  A defendant's medical

circumstances can constitute an extraordinary and compelling reason for

compassionate release when, in relevant part,

> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. [or]
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. 1B1.13(b)(1).

Here, Montano does not explain or provide evidence of his medical condition.

He states only that he takes medication for high blood pressure, but otherwise indicates

that he has no major physical limitations or other ailments.  He does not allege that he

is suffering from a serious medical condition or age-related condition that diminishes his ability to provide self-care, or that he is not receiving the care he needs.  In all, Montano has not satisfied the requirements of the extraordinary and compelling reason of medical circumstances.

Because Montano has not exhausted his administrative remedies or established the existence of an extraordinary and compelling reason, the Court cannot grant compassionate release.  His motion is due to be denied.

Accordingly, it is **ORDERED**:

1.  Montano's motion for compassionate release (Doc. 158) is denied.

**DONE AND ORDERED** in Tampa, Florida on January 29, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Eulogio Carabali Montano